**FILED**
Lucinda B. Rauback, Acting Clerk
United States Bankruptcy Court
Augusta, Georgia
By jpayton at 4:46 pm, Aug 03, 2012

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE

SOUTHERN DISTRICT OF GEORGIA
Augusta Division

| | |
|---|---|
| IN RE: ) <br> ) <br> RICHARD MARION KREPPS ) <br> ) <br> Debtor ) <br> ) | Chapter 13 Case <br> Number <u>10-12209</u> |
| ) <br> HUON LE, Chapter 13 Trustee ) <br> ) <br> Plaintiff ) <br> ) <br> v. ) <br> ) <br> RICHARD M. KREPPS, and ) <br> RICHARD STEPHEN KREPPS ) <br> ) <br> Defendants ) | Adversary Proceeding <br> Number <u>11-01060</u> |

## OPINION AND ORDER

Before the Court is the Motion for Summary Judgment filed by Plaintiff Huon Le, Chapter 13 Trustee ("Trustee"), seeking summary judgment pursuant to 11 U.S.C. §548(a)(1)(A) and (B)(i)-(ii)(I) that the transfer from Richard M. Krepps ("RMK") to his son, Richard Stephen Krepps ("RSK")[1] is avoidable and she is entitled to recover under 11 U.S.C. §550 due to the failure of Defendant Richard M. Krepps ("RMK") to timely respond to

---
[1] RSK also is a named defendant in this adversary proceeding, but is not subject to the Trustee's motion for summary judgment.

Trustee's Request for Admission. The Court has jurisdiction pursuant to 28 U.S.C. §1334. This is a core proceeding under 28 U.S.C. §157(b)(2)(H). For the foregoing reasons, the Motion for Summary Judgment as to RMK is granted in part and denied in part.

## UNDISPUTED FACTS

RMK filed a chapter 13 bankruptcy petition on September 25, 2010. On Schedule A, filed with the petition, RMK lists himself as the owner of 214 Milledge Street, Thomson, McDuffie County, Georgia ("Property") and indicates the Property is to be surrendered to J.P. Morgan Chase Bank[2] to satisfy its secured claim "[I]n full satisfaction." Underlying Case No. 10-12209, Dkt. No. 1, Voluntary Petition. The summary of schedules shows RMK has assets worth $188,006.00 including the Property valued at $96,100.00 and liabilities of $263,181.00. Id. RMK did not disclose on his plan or on his schedules that he conveyed the Property to his son, RSK on September 14, 2010, eleven (11) days before he filed his bankruptcy petition. Id. RMK also failed to disclose the transfer of the Property at his §341 Meeting of the Creditors. The plan was confirmed November 29, 2010. The Debtor failed to disclose at the confirmation hearing that the Property

---

[2] J.P. Morgan Chase Bank is the mortgage lienholder by security deed.

was completely destroyed by fire on November 24, 2010, five (5) days before the confirmation hearing.

The Trustee filed this adversary proceeding against RMK and RSK seeking to avoid RMK's transfer as a fraudulent transfer pursuant to 11 U.S.C. §548. The Trustee also seeks to set aside the transfer and, alternatively seeks turnover of the value of the transfer from RMK pursuant to 11 U.S.C. §550. Dkt. No. 1. RMK timely answered the complaint. Dkt. No. 9. He also responded to the Trustee's interrogatories, but he has failed to file timely responses to either the Trustee's Request for Production or the Request for Admission. Dkt. Nos. 20, 22, and 29. Trustee's Motion for Summary Judgment requests that the Request for Admission be deemed admitted for RMK's failure to timely respond. Dkt. Nos. 30 and 31. After proper notice, RMK has failed to respond to the Trustee's Motion for Summary Judgment.

## CONCLUSIONS OF LAW

**Summary Judgment Standard**.

Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party

3

is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c);[3] see also Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

> [A] party seeking summary judgment always bears the initial responsibility of informing the . . . court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact.

Celotex, 477 U.S. at 323 (internal quotations omitted). "In determining whether the movant has met its burden, the reviewing court must examine the evidence in a light most favorable to the opponent of the motion. All reasonable doubts and inferences should be resolved in favor of the opponent." Amey, Inc. v. Gulf Abstract & Title, Inc., 758 F.2d 1486, 1502 (11th Cir. 1985) (citations omitted), cert. denied, 475 U.S. 1107 (1986).

Pursuant to Rule 56(c), summary judgment should be granted only if "there is no issue as to any material fact and the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). Where a party fails to respond to the motion, the movant "must still show from the pleadings and the

---

[3] Pursuant to Federal Rule of Bankruptcy Procedure 7056, Rule 56 of the Federal Rules of Civil Procedure is applicable in bankruptcy adversary proceedings.

evidence that there is no genuine issue of material fact." Caslin v. Bi-Lo, LLC, 2008 WL 4830008 (S.D. Ga. Nov. 5, 2008); Bouchard v. Magnusson, 715 F.Supp. 1146, 1148 (D. Me. 1989) ("the practical consequence of Plaintiff's failure to respond to Defendant's motion for summary judgment is that the Court accepts as true all material facts set forth by Defendant that are supported in the record by materials of evidentiary quality").

**Federal Rule of Civil Procedure 36.**

Pursuant to Federal Rule of Civil Procedure 36,[4] a matter is admitted unless the party to whom the request to admit

---

[4] Federal Rule of Civil Procedure 36 is made applicable to adversary proceedings by Federal Rule of Bankruptcy Procedure 7036 and states in pertinent part:
(a) Scope and Procedure.

    (1) Scope. A party may serve on any other party a written request to admit, for purposes of the pending action only, the truth of any matters within the scope of Rule 26(b)(1) relating to:

        (A) facts, the application of law to fact, or opinions about either; and
        (B) the genuineness of any described documents.

. . .

    (3) Time to Respond; Effect of Not Responding. A matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the

5

is directed responds within 30 days. Fed. R. Civ. P. 36(c); See also Jones v. City Capital Markets Corp. (In re Jones), Ch. 13 Case No. 99-11374, Adv. Proceeding No. 07-01047 (Bankr. S.D. Ga. Aug. 8, 2008) (Barrett, J.); In re Caffey, 248 B.R. 920, 924 (Bankr. N.D. Ga. 2000). However, "[r]equests for admissions should not be directed towards conclusions of law." Dowbrowski v. Jay Dee Contractors, Inc., 2008 WL 2157061 at *1 (E.D. Mich. May 21, 2008) citing In re Olympia Holding Corp., 189 B.R. 846, 853 (Bankr. M.D. Fla. 1995). Therefore, pursuant to Rule 36, the matters set forth in the Request for Admission which are not conclusions of law are hereby deemed admitted. See U.S. v. 2204 Barbara Lane, 960 F.2d 126, 129 (11th Cir. 1992) (deeming the facts in an unanswered Request for Admissions admitted after the 30-day statutory period).

In this case, RMK answered the Trustee's interrogatories, but failed to timely answer the Trustee's Request for Admission.[5] RMK's answer to the Trustee's

---

party or its attorney. A shorter or longer time for responding may be stipulated to under Rule 29 or be ordered by the court.

[5] "Pro se pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." Tannenbaum v. United States, 148 F.3d 1262, 1263

6

AO 72A
(Rev. 8/82)

interrogatories does not relieve him of the duty to respond to the request for admission. See eg. Woods v. Robb, 171 F.2d 539, 541 (5th Cir. 1949)(the filing of interrogatories does not constitute an abandonment of the request for admissions as a party may pursue either or both); Mangan v. Boderick & Bascom Rope Co., 351 F.2d 24, 28 (7th Cir. 1965)(unanswered requests are not abandoned by the subsequent filing of interrogatories); N.R. v. A.D., 655 S.W.2d 733 (Mo. Ct. App. 1983)(deposition responses cannot serve as substitutes for responses to requests for admissions).

As a result of Defendant RMK's failure to object, deny, or otherwise respond to Plaintiff's Requests for Admission, the following facts have been conclusively admitted and established as a matter of law: RMK owned the Property; RMK transferred the Property to RSK by Quit-Claim Deed on September 14, 2010; RSK is the son of RMK; RMK transferred his interest in the Property with the intent to defraud, hinder or delay his creditors; RMK received no consideration from RSK or any other person or party

---

(11th Cir. 1998). However, a party's *pro se* status does not excuse his noncompliance with discovery orders. Reed v. Fulton Cnty. Gov't, 170 F. App'x. 674, 676 (11th Cir. 2006) citing Morton v. Harris, 628 F.2d 438, 440 (5th Cir. Unit B 1980); see also Welch v. Comcar Indus., 139 F. App'x. 138, 139 (11th Cir. 2005).

7

for the Property; RMK received less than reasonably equivalent value from RSK for the Property; RMK retained possession of the Property following the transfer; RMK had been sued or had been threatened with suit prior to the transfer; the Property was substantially all of RMK's assets; on September 25, 2010, RMK filed a chapter 13 bankruptcy petition; RMK listed in Schedule A filed on September 25, 2010, the Property as property in which he had a claim or legal or equitable interest; RMK did not disclose the transfer of the Property in the Statement of Financial Affairs filed on the same day; RMK did not disclose the transfer of the Property at the §341 Meeting of Creditors held and concluded on November 19, 2010; RMK testified at the Meeting of Creditors that he intended to surrender the Property to J.P. Morgan Chase Bank, the mortgage lien holder; the Property was completely destroyed by fire on November 24, 2010; RMK's bankruptcy case was confirmed by the Court on November 29, 2010; RMK did not inform nor disclose to the Court before his case was confirmed that the Property had been destroyed by fire; and RMK did not inform nor disclose to the Court of the transfer prior to confirmation of his Plan. See Dkt. No. 22, Requests for Admission, ¶¶1-20.

AO 72A
(Rev. 8/82)

With these admissions, the Trustee argues the transfer was a fraudulent transfer. Pursuant to 11 U.S.C. §548(a):

> (a)(1) The trustee may avoid any transfer . . . that was made . . . on or within 2 years before the date of the filing of the petition, if the debtor voluntarily or involuntarily—
>
> (A) made such a transfer or incurred such obligation with actual intent to hinder, delay, or defraud any entity to which the debtor became . . . indebted; or
>
> . . .
>
> (B)(i) received less than a reasonably equivalent value in exchange for such transfer or obligation; and
>
> (ii)(I) was insolvent on the date that such transfer was made or such obligation was incurred, or became insolvent as a result of such transfer or obligation;

11 U.S.C. §548(a)(1).

Given the admissions, I find the transfer from RMK to RSK was a fraudulent transfer under §548(a)(1)(A). The transfer occurred eleven (11) days before RMK's bankruptcy petition was filed, well within the two-year period. RMK has admitted that he made the transfer with the actual intent to defraud, hinder or delay his creditors. Intent is a question of fact that may be admitted. See In re Wines, 997 F.2d 852, 856 (11th Cir. 1993)("[W]hether the debtor had the requisite wrongful intent is

9

a question of fact."); see also CIT Small Bus. Lending Corp. v. Diaz (In re Diaz), 402 B.R. 407, 421 (M.D. Fla. 2008) quoting Equitable Bank v. Miller (In re Miller), 39 F.3d 301, 305 (11th Cir. 1994). Therefore, the transfer is avoided pursuant to §548(a)(1)(A).

The transfer also is a fraudulent transfer pursuant to §548(a)(1)(B)(i)-(ii)(I), as RMK transferred property within 2 years of filing of the petition, received less than equivalent value for the Property and was insolvent at the time of transfer or became insolvent as a result of the transfer. 11 U.S.C. §548(a)(1)(B)(i)-(ii)(I). For purposes of this analysis, the issues of "less than equivalent value" and "insolvency" are questions of fact that may be admitted. See Nordberg v. Arab Banking Corp. (In re Chase & Sanborn Corp.), 904 F.2d 588, 593 (11th Cir. 1990)("whether fair consideration has been given for a transfer is largely a question of fact."); see also Lendxfinancial, LLC v. Bonertz (In re Lendxfinancial), 2012 WL 1597394 *9 (Bankr. N.D. Ga. March 19, 2012)("[D]etermining whether a business is insolvent under §548(a)(1)(B)(ii) is a question of fact.") citing JoinIn Int'l (U.S.A.) Ltd., 56 B.R. 555, 560 (Bankr. S.D.N.Y. 1986); see also Nicholas Homes, LLC v. Couch (In re Nicholas Homes, LLC), 2012 WL 830484 *1 (Bankr. N.D.

AO 72A
(Rev. 8/82)

Ala. March 9, 2012)(stating that the only question of fact remaining was whether debtor was insolvent). Even if insolvency is a mixed question of law and fact, according to RMK's summary of schedules he was insolvent at petition date as his liabilities far exceeded his assets and the transfer of the Property would have increased his insolvency as he has admitted to receiving no consideration and less than equivalent value for the Property and that the Property was substantially all of his assets. See Consove v. Cohen (In re Roco Corp.), 21 B.R. 429, 435 (B.A.P. 1st Cir. 1982) aff'd 701 F.2d 978 (1st Cir. 1983) (noting the determination of insolvency is at least a mixed question of law and fact). For these reasons, I find the Trustee is entitled to avoid the transfer of the Property pursuant to 11 U.S.C. §548(a)(1)(A) and (B)(i)-(ii)(I).[6]

**Pursuant to 11 U.S.C. §550.**

The final issue is whether the Trustee may recover from RMK the Property transferred or value of such property under 11 U.S.C. §550. If a transfer is avoided under section 548 or one of several other provisions of the Bankruptcy Code, section 550(a)(1) allows the recovery of the property transferred or its

---

[6] The Court notes the Trustee did not seek summary judgment pursuant to 11 U.S.C. §548(a)(1)(B)(i)-(ii)(IV) for a transfer to an insider and therefore the Court does not address this section.

11

value from the "initial transferee of such a transfer or the entity for whose benefit such transfer was made." 11 U.S.C. §550(a)(1). The Trustee asserts "[t]he trustee may recover the transferred property or the value of the transferred property from either the <u>transferor or the initial transferee</u>." Dkt. No. 31, Memorandum in Support of Motion for Summary Judgment Against Richard M. Krepps, p. 9 (emphasis added). Section 550 expressly allows recovery from the initial transferee, not the initial transferor. The Trustee has not asserted RMK is an "entity for whose benefit such a transfer is made." In fact, RMK denies receiving any benefit from the transfer. Dkt. No. 9, Answer to Complaint. The Requests for Admission did not include an admission that RMK benefited from the transfer. Dckt. No. 22, Plaintiff's Requests for Admission. Therefore, at this point, I find the Trustee has failed to establish as a matter of law that she is entitled to recover from RMK the property or value of the property pursuant to 11 U.S.C. §550. <u>See</u> <u>In re Coggin</u>, 30 F.3d 1443, 1453-54 (11th Cir. 1994), <u>abrogated on other grounds</u>, <u>Kontrick v. Ryan</u>, 540 U.S. 443 (2004)("By applying its plain language and apparent purpose, and by consulting our bankruptcy compass, however, we hold that section 550(a)(1) does not allow recovery of an avoided transfer from the transferring debtor.").

12

The Court understands that an Interpleader action has been filed in the District Court for the Southern District of Georgia; however, no evidence of the nature of the pleadings has been submitted nor have there been any allegations that Debtor is a transferee in any capacity.

For these reasons, it is therefore ORDERED that Trustee's Motion for Summary Judgment against Richard M. Krepps is GRANTED IN PART with the finding that the transfer of the Property was a fraudulent transfer pursuant to 11 U.S.C. §548(a)(1)(A), and §548(a)(1)(B)(i)-(ii)(I), and DENIED IN PART with the Trustee's request for relief pursuant to 11 U.S.C. §550 as to RMK, as the initial transferor being DENIED.

_____
SUSAN D. BARRETT
CHIEF UNITED STATES BANKRUPTCY JUDGE

Dated at Augusta, Georgia
this  3rd  Day of August 2012.